## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                  :

       TYSHEED DAVIS,      :

                          :       CIVIL ACTION NO. 21-CV-5701

                          :

## <u>MEMORANDUM</u>

**PRATTER, J.**                                          JUNE 7, 2022

Plaintiff Tysheed Davis, a convicted prisoner currently housed at SCI Dallas, brings this *pro se* civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Mr. Davis seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Mr. Davis leave to proceed *in forma pauperis* and dismiss the Amended Complaint[1] pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.   FACTUAL ALLEGATIONS[2]

Mr. Davis's claims arise in part from a criminal proceeding initiated against him in the Philadelphia County Court of Common Pleas, which led to his conviction on third-degree murder

---

[1] Mr. Davis commenced this matter by filing a pleading on December 24, 2021. (*See* ECF No. 1.) Because it did not comply with the Federal Rules of Civil Procedure, the Court directed the Clerk of Court to send Mr. Davis a copy of the court's standard form complaint to be used by a prisoner. (ECF No. 3.) In response, Mr. Davis filed an Amended Complaint on January 28, 2022. (ECF No. 4.) At that time, however, Mr. Davis had not filed an application to proceed *in forma pauperis*, or paid the necessary fees to commence a civil action in this court. He subsequently filed an application to proceed *in forma pauperis* on March 25, 2022 (ECF No. 6), but did not submit the required prisoner trust fund account statement until May 26, 2022 (ECF No. 8).

[2] The following facts are taken from the Amended Complaint and publicly available records of which this Court takes judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (courts may consider "matters of public record" in determining whether a pleading has stated a claim).

and related charges. *See Commonwealth v. Davis*, No. 1131 EDA 2020, 2021 WL 944328, at *1

(Pa. Super. Ct. Mar. 12, 2021). After a four-day jury trial that commenced on April 16, 2019,

Mr. Davis was sentenced to an aggregate of thirty and one-half (30½)to sixty-one (61) years of

imprisonment. *Id.* at *1-2. The Pennsylvania Superior Court, which affirmed Mr. Davis's

judgment of sentence, recounted the facts underlying the conviction as follows:

> In the afternoon of April 29, 2016, Jessie Williams got into the driver's side of his
> Jeep as his friend, Bryan Robinson, sat in the front passenger seat. Mr. Williams
> drove down Twenty-Third street in Philadelphia, turning onto Wharton Street and
> then onto Twenty-Second Street. Unbeknownst to Williams, [Mr. Davis] was
> chasing him, gun drawn, running down the streets. The Jeep turned onto Latona
> Street. [Mr. Davis], seeking an opportunity to cut Williams off, turned the block
> before, onto Titan, gun still drawn as he ran down the street. The Jeep passed
> [Mr. Davis] on Twenty-First Street and [Mr. Davis] doubled back. Williams
> turned onto Wharton Street and stopped at the red light at the intersection of
> Wharton and Point Breeze Streets, where [Mr. Davis] ran into the street, aimed
> and fired his .380 caliber pistol into the Jeep multiple times. Williams, licensed to
> carry, returned fire, striking [Mr. Davis's] gun and amazingly breaking off a part
> of the gun, together with the top of [Mr. Davis's] trigger finger. But the damage
> had been done. Williams had been shot in the chest and the bullet travelled into
> his heart, causing his death. The Jeep crossed over Point Breeze and crashed at
> 2026 Wharton Street. Remark[ab]ly, the chase and gunfight were caught on
> several different security cameras in the area and those videos were collected by
> the police.

*Id.* at *1 (quoting Trial Court Opinion, 6/30/20, at 3).

Mr. Davis's Amended Complaint here names as defendants the City of Philadelphia

Police Department, Judge J. Scott O'Keefe, and Police Officers John Taggart and "Madara."

Mr. Davis's allegations are difficult to discern. He appears to raise claims pertaining to activities

at the "crime scene" in April 2016, and with respect to the subsequent criminal trial in April

2019. (*See* Am. Compl. at 3.)[3] Mr. Davis alleges that his cell phone was taken out of his pants

when he was searched. (*Id.* at 3, 5.) Mr. Davis further claims that his finger "was shot off" and

---

[3] The Court adopts the pagination supplied by the CM/ECF docketing system.

that he "needed it reattached" to his hand.  (*Id.* at 5.)  He acknowledges that he had surgery.  (*Id.*)

He also contends that he "didn't have 12 jurors at trial," and that his "jury trial was tampered

with."  (*Id.*)

Mr. Davis seeks $100 million for pain and suffering, and "for being incarcerated for 5

years."  (*Id.* at 5.)  He also requests the Court to "investigate this matter."  (*Id.*)[4]  The public

record does not reflect that his conviction has been overturned or otherwise called into question.

*See Davis*, 2021 WL 944328, at *3 (affirming judgment of sentence); *Commonwealth v. Davis*,

No. CP-51-CR-0008148-2016 (Phila. C.P.).

## II.   STANDARD OF REVIEW

The Court will grant Mr. Davis leave to proceed *in forma pauperis* because it appears that

he is incapable of paying the fees to commence this civil action.[5]  Accordingly, 28 U.S.C. §

1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Amended Complaint if it fails

to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed

by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure

12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the

Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to

state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quotations omitted).  "At this early stage of the litigation, [the Court will] accept the facts

alleged in [the *pro se*] complaint as true, draw[] all reasonable inferences in [the plaintiff's]

---

[4] Mr. Davis also asserts that he seeks damages for "defamation of character since 4/29/2016."
(Am. Compl. at 5.)  Mr. Davis has not supported that conclusory statement with facts and does
not allege a plausible basis for a claim.  Additionally, to the extent that Mr. Davis requests the
Court to "investigate this matter," the Court notes that such relief cannot be granted in a § 1983
suit.

[5] However, because Mr. Davis is a prisoner, he will be obligated to pay the filing fee in
installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

favor, and ask only whether [that] complaint, . . . contains facts sufficient to state a plausible []

claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (internal quotations omitted).

Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.  Because Mr. Davis is proceeding

*pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir.

2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.   DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by

the Constitution and laws of the United States, and must show that the alleged deprivation was

committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

In a §1983 action, the personal involvement of each defendant in the alleged constitutional

violation is a required element, and, therefore, a plaintiff must allege how each defendant was

involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845

F.2d 1195, 1207 (3d Cir. 1998).  For the following reasons, Mr. Davis's claims are not plausible.

### A.     Claims Against the Philadelphia Police Department

A police department is a sub-unit of the local government and, as such, is merely a

vehicle through which the municipality fulfills its policing functions. *See, e.g., Johnson v. City

of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993).  Thus, while a municipality may be

liable under § 1983, a police department, as a sub-unit of the municipality, may not. *Id.*; *Martin

v. Red Lion Police Dept.*, 146 F. App'x 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that

police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it

is a sub-division of its municipality).  Furthermore, agencies of the City of Philadelphia, such as

the Philadelphia Police Department, do not have a separate legal existence from the City. *See

Vurimindi v. City of Philadelphia*, No. 10-88, 2010 WL 3169610, at *1 (E.D. Pa. Aug. 10, 2010)

4

(observing that under 53 Pa. Cons. Stat. § 16257, "no such department shall be taken to have had . . . a separate corporate existence, and hereafter all suits growing out of their transaction . . . shall be in the name of the City of Philadelphia"); *Bush v. City of Philadelphia Police Dep't*, 684 F. Supp. 2d 634, 636 (E.D. Pa. 2010) (dismissing the Philadelphia Police Department as a matter of law because it is not a legal entity separate from the City of Philadelphia); *Gremo v. Karlin*, 363 F. Supp. 2d 771, 780-81 (E.D. Pa. 2005) (dismissing City of Philadelphia Police Department and the City of Philadelphia Police Department Northeast Detective Division).[6] Accordingly, the Court will dismiss all claims against the Philadelphia Police Department because it is not a proper defendant in this case.

### B.    Claims Against Judge O'Keefe

Mr. Davis's claims against Judge O'Keefe fail because Judge O'Keefe is entitled to judicial immunity. Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (*per curiam*); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (*per curiam*). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)).

---

[6] Even if his claims could be construed as having been raises against the City itself, Mr. Davis has in any event failed to allege a basis for municipal liability because he has not alleged that a municipal policy or custom caused the violation of his constitutional rights. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009).

The state court docket reveals that Judge O'Keefe was assigned to preside over the criminal trial in which Mr. Davis was a defendant. *See Commonwealth v. Davis*, No. CP-51-CR-0008148-2016 (Phila. C.P.). Since Mr. Davis's claims against Judge O'Keefe are based on acts he took in this capacity, Judge O'Keefe is entitled to absolute immunity for those claims. Accordingly, Mr. Davis's claims against Judge O'Keefe will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### C.     Claims Against Officers Taggart and Madara

Mr. Davis has named Officers Taggart and Madara as defendants, but he does not include any allegations that either of these Defendants were personally involved in the actions he describes about his arrest. "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *Rode*, 845 F.2d at 1207; *see Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)). Because Mr. Davis fails to describe how Officers Taggart and Madara personally acted to violate his civil rights, the claims against them are also subject to dismissal. There are other deficiencies in Mr. Davis's claims as discussed below.

### D.     Claims Based on Alleged Constitutional Violations in Criminal Trial

To the extent Mr. Davis's claims challenge the constitutionality of his conviction and imprisonment based on constitutional errors committed at his trial, his claims are not cognizable in a civil rights action at this time. That is because, "to recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order,

6

declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)).

Mr. Davis alleges that his rights were violated "in the court room at trial" and that his "jury trial was tampered with," *see* Am. Compl. at 3, and he seeks damages to compensate him for losses he sustained as a result of his conviction and imprisonment. However, the Complaint does not allege that Mr. Davis's convictions were invalidated. *See Garrett v. Murphy*, 17 F.4th 419, 429 (3d Cir. 2021) ("*Heck* is clear that the favorable-termination requirement is a necessary element of the claim for relief under § 1983[.]"). Since success on Mr. Davis's claims challenging the trial that led to his convictions and imprisonment would necessarily imply the invalidity of those convictions, these claims are not currently cognizable in a § 1983 action. In other words, any claims for damages based on the alleged unconstitutionality of Mr. Davis's convictions are not cognizable in a civil rights action at this time. Accordingly, the Court will dismiss these claims without prejudice to Mr. Davis refiling them in a new lawsuit only in the event his convictions are ultimately invalidated. *See, e.g., McDonough v. Smith*, 139 S. Ct. 2149, 2157 (2019) (*Heck* applied to litigant's claims "asserting that fabricated evidence was used to pursue a criminal judgment"); *Nash v. Kenney*, 784 F. App'x 54, 57 (3d Cir. 2019) (*per curiam*) ("Nash's malicious-prosecution and speedy-trial claims—which challenge his post-arraignment

detainment—are barred by the favorable-termination rule of [*Heck*]."); *Floyd v. Attorney Gen. of Pennsylvania*, 722 F. App'x 112, 114 (3d Cir. 2018) (*per curiam*) ("Because Floyd's malicious prosecution and fabrication of evidence claims do not accrue until the criminal proceedings have terminated in Floyd's favor, and Floyd has not demonstrated as much, they are barred by *Heck*.").

Additionally, to the extent Mr. Davis is seeking release on his claims that errors occurred during his criminal trial, these claims are not cognizable under § 1983. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Leamer v. Fauver*, 288 F.3d 532, 544 (3d Cir. 2002) (explaining that "whether *Preiser* and its progeny require a claim to be brought under habeas" is determined by whether "the claim would fall within the 'core of habeas' and require sooner release if resolved in the plaintiff's favor"). If Mr. Davis seeks to challenge his conviction or sentence, he must do so by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after first exhausting state remedies.

### E.     Time-Barred Claims

#### 1.     Unlawful Search and Seizure

To the extent that Mr. Davis raises unlawful search and seizure claims pertaining to his cell phone, such claims are not the type that are categorically barred by *Heck*, but these claims fail here because they are time-barred. *See Heck*, 512 U.S. at 487 n.7 (discussing unlawful search claims). Pennsylvania's two-year statute of limitations applies to these claims. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Illegal search and seizure claims

8

generally accrue at the time of the searches and seizures because that is when plaintiff knows or should know of his injury. *See, e.g.*, *Nguyen v. Pennsylvania*, 906 F.3d 271, 273 (3d Cir. 2018) (illegal search claims accrue at "the moment of the search"); *Ojo v. Luong*, 709 F. App'x 113, 116 (3d Cir. 2017) (*per curiam*) ("Most of [plaintiff's claims] accrued when defendants conducted their searches and seizures on July 11, 2011, because [plaintiff] knew or should have known the basis for these claims at that time.").

Mr. Davis filed his initial Complaint on December 24, 2021. (ECF No. 1.) However, his arrest and the related searches and seizures took place on April 29, 2016. *See Commonwealth v. Davis*, No. 1131 EDA 2020, 2021 WL 944328, at *1 (Pa. Super. Ct. Mar. 12, 2021); *see also* Am. Compl. at 5. Accordingly, Mr. Davis's claims challenging the constitutionality of the searches and related seizures are time-barred since they were not filed within two years of when they accrued. Since Mr. Davis cannot cure the defects in these claims, they will be dismissed with prejudice.

### 2. Deliberate Indifference to Serious Medical Needs

Mr. Davis's claims regarding the failure to reattach his finger are best construed as claims based on a deliberate indifference to his serious medical needs in violation of his Fourteenth Amendment rights.[7] Putting aside whether Mr. Davis has alleged plausible deliberate indifference claims against named defendants, any such claims nonetheless are time-barred because the two-year statute of limitations also applies. *See Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017) ("The statute of limitations applicable to § 1983 claims in Pennsylvania is

---

[7] A deliberate indifference claim by a pretrial detainee is governed by Fourteenth Amendment. *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005); *see also Peters v. Brown*, 793 F. App'x 118, 123 (3d Cir. 2019) ("We have found it constitutionally sufficient . . . to analyze pretrial detainees' claims of inadequate medical care under the familiar deliberate indifference standard.").

two years."); *Robinson v. Pennsylvania*, No. 20-4529, 2020 WL 7624931, at *3 (E.D. Pa. Dec.

22, 2020).  A claim alleging deliberate indifference to serious medical needs accrues when the

plaintiff knows or has reason to know that deliberate indifference is displayed.  *Smith v.*

*Municipality of Lycoming Cty.*, 335 F. App'x 147, 149 (3d Cir. 2009) (*per curiam*) (prisoner

alleging deliberate indifference to medical needs "knew, or had reason to know, of his alleged

mistreatment when it occurred"); *see also Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir.

2010) (quotations omitted) (a claim accrues "when a plaintiff has a complete and present cause

of action, that is, when [he] can file suit and obtain relief").

        Here, Mr. Davis's finger was shot off on April 29, 2016, and so his deliberate

indifference claims related to that event accrued on that date or shortly thereafter.  *See*

*Commonwealth v. Davis*, No. 1131 EDA 2020, 2021 WL 944328, at *1 (Pa. Super. Ct. Mar. 12,

2021); *see also* Am. Compl. at 5.  Consequently, Mr. Davis was obligated to file any claims

based on the medical treatment, or lack thereof, by April 2018.  Mr. Davis filed his initial

Complaint in December 2021, more than three years after the statute of limitations expired.

Accordingly, Mr. Davis's claims of deliberate indifference to his medical needs are time-barred.

Since Mr. Davis cannot cure the defects in these claims, they will be dismissed with prejudice.[8]

## IV.    CONCLUSION

        For the foregoing reasons, the Court will dismiss Mr. Davis's Amended Complaint

pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Mr. Davis's claims against the Philadelphia Police

Department, his claims against Judge O'Keefe, and his time-barred claims are dismissed with

prejudice because Mr. Davis cannot cure the defects in those claims.  His remaining claims are

---

[8] The Court further notes that Mr. Davis does not allege that any of the named defendants had
personal involvement in the alleged failure to reattach Mr. Davis's finger. *See Rode*, 845 F.2d at
1207 (explaining personal involvement requirement of a § 1983 claim).

dismissed without prejudice to Mr. Davis filing a new civil rights complaint only in the event his convictions are reversed, vacated, or otherwise invalidated.  *See Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016) (*Heck*-barred claims must be dismissed without prejudice).  Leave to amend will not be given as any attempt to amend would be futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).  An appropriate Order follows, dismissing this case.

BY THE COURT:

_____

GENE E.K. PRATTER, J.

11